MEMORANDUM **
California state prisoner William Pierce Plummer appeals pro se from the district court’s judgment dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
*634 Plummer contends that his prison disciplinary proceedings, which resulted in the forfeiture of good-time credits, violated his due process rights. This contention lacks merit. See Superintendent v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); see also Wolff v. McDonnell, 418 U.S. 539, 566-69, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
Plummer also contends that prison authorities violated his equal protection rights by forfeiting his good-time credits and miscalculating his earliest possible release date based on racial discrimination. We reject this contention because Plum-mer has not alleged any facts to support it. See Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir.1989).
To the extent that Plummer contends that his disciplinary proceedings violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the contention lacks merit. See id. at 490, 120 S.Ct. 2348.
Plummer’s contentions that his disciplinary proceedings violated California law are not reviewable in federal habeas proceedings. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1997).
We construe Plummer’s briefing of un-certified issues as a motion to reconsider our prior denial of a certificate of appeala-bility, and we deny the motion. See 9th Cir. R. 22-1(e); see also Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
Finally, we deny all pending motions.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.